UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:21-82056-CIV-CANNON

CELIA R. CLARK,

       Plaintiff,

  v.

UNITED STATES OF AMERICA;
THE INTERNAL REVENUE
SERVICE,

       Defendants.

**UNITED STATES' MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**

Celia Clark is a tax attorney who promoted captive insurance companies to her clients as a tax avoidance strategy. For that conduct, the IRS assessed penalties against Clark exceeding $11 million under 26 U.S.C. § 6700, which imposes a penalty on any person who promotes a plan the person knows (or has reason to know) is false or fraudulent. Clark paid part of the penalties and sued to challenge the assessment and recover her payment. But instead of making credible allegations to show that she did not engage in conduct subject to penalty under section 6700, Clark has attacked the legitimacy of the investigation into her activities. Specifically, Clark alleges that IRS agents disclosed her confidential return information in violation of section 6103 of the Internal Revenue Code ("IRC"), and she asserts a claim for damages for those purported disclosures under

1

IRC § 7431. *See* ECF 1, Count II. That waiver of the government's sovereign immunity required Clark to file her suit within 2 years of the date she discovered the alleged violations. 26 U.S.C. § 7431(d). Clark failed to do so. Instead, she sued more than 8 years after the attorneys who represented her before the IRS first complained that the investigating agents wrongfully disclosed her return information. As a result, the court should dismiss Count II of her complaint as untimely.

## ALLEGED FACTS

Celia Clark is a tax lawyer with a JD from the University of Chicago and a Tax LLM Tax from New York University. ECF 1 ¶ 12. Her practice specialized in creating captive insurance companies to help her clients obtain favorable tax treatment. ECF 1 ¶ 2. Clark's practices drew the attention of the IRS, which began an examination of Clark's captive insurance practices in 2012. ECF 1 ¶ 27. That examination culminated in an assessment of $11,636,929 in penalties under IRC § 6700 against Clark. ECF 1 ¶ 65.

Clark hired the law firm of Caplin & Drysdale Chartered to represent her during the IRS examination. ECF 1 ¶¶ 58 and 63h. Clark alleges that, during the examination, in 2012 and 2014 employees of the IRS disclosed her tax return information to her clients, clients' representatives, and other individuals. ECF 1 ¶¶ 63a – 63h. Clark's attorneys complained to the IRS and the Treasury Inspector General for Tax Administration (TIGTA) in letters dated September 4, 2012, May 27, 2014, June 6, 2014, June 11, 2014, and December 1, 2014. respectively. Exhibit

1,[1] *see also* ECF No. 1 ¶ 63h. Those letters identify all the disclosures Clark describes in paragraphs 63a – 63h of her complaint, and they firmly establish that Clark knew about the alleged disclosures no later than December 2014: "We are writing to advise you that we have recently become aware of potential violations of section 6103 relating to Ms. Clark." Ex. 1, p 10; see also pp. 1, 3, 7, and 13.

## MEMORANDUM OF LAW

**I.  The 2-year Statute of Limitations under Section 7431 expired because Clark discovered the alleged disclosures no later than 2014.**

Congress has given a limited waiver of sovereign immunity that allows a taxpayer to bring a civil action for damages when an employee of the United States has "knowingly, or by reason of negligence" disclosed tax return information in violation of IRC § 6103.[2] 26 U.S.C. § 7431(a)(1). That waiver is limited by a 2-year statute of limitations, which begins to run on the date that the taxpayer discovers the disclosure. 26 U.S.C. § 7431(d). Case law establishes that the date of discovery is the date that the taxpayer knew or should have known of the violation. *Aloe Vera of Am., Inc. v. United States*, 580 F.3d 867, 872 (9th Cir. 2009) (*Aloe Vera I*).

Here, Clark knew of the alleged violations of IRC § 6103 as early as 2012, and certainly no later than 2014. Her attorneys at Caplin & Drysdale sent at least 6

---

[1] The IRS and TIGTA have not yet located the September 4, 2012, letter but the June 4, 2014, and both June 11, 2014, letters refer to it at Ex. 1 pages 5, 7, and 10.

[2] Section 6103 generally prohibits the disclosure of taxpayer returns or return information unless authorized by that section. 26 U.S.C. § 6103(a). While this motion only addresses the timeliness of Clark's suit, the disclosures she describes in her complaint were authorized by IRC § 6103(k)(6) and (h)(4). That issue becomes moot if the court determines the suit is untimely.

letters notifying the IRS and TIGTA of what she perceived were violations of 26 U.S.C. § 6103. Exhibit 1. Those letters were dated September 4, 2012, May 27, 2014, June 6, 2014, June 11, 2014 (two), and December 1, 2014. Ex. 1. The June 2014 letters mirror the allegations in paragraphs 63a, 63b, and 63c of Clark's complaint, while the December 2014 letter describes the disclosure Clark alleges in paragraph 63e. Ex. 1. The June 6 and June 11, 2014, letters also state that Clark sent her first letter on September 4, 2012, which coincides with the allegations in paragraphs 63d, 63f, and 63g. *See* Ex. 1. At 5, 7, and 10; ECF No. 1 ¶ 63g. These letters make it clear that, contrary to the allegations in paragraph 77, Clark was aware of the disclosures she complains of here for approximately 7.5 years – and perhaps over 9 years – when she filed this suit in November 2021. Ex. 1 at 1, 4, 5, 7, 8, 10. Indeed, Clark's attorneys explicit state that the disclosures they described — **and Clark describes here** — concerned "Ms. Clark's return information." Ex. 1 at 8, 9, 10, and 12.  Hence, the statute of limitations to assert the claims underlying Count II expired long before Clark filed her complaint. Consequently, the court lacks jurisdiction to hear them. Additionally, by failing to file suit within the time afforded section 7431, Clark's complaint fails to state a claim upon which relief can be granted.

## II.     The statute of limitations in 26 U.S.C. § 7431(d) is jurisdictional.

Both the Ninth and Fifth Circuit Courts of Appeal have determined that the statute of limitations in IRC § 7431 functions as a limit to the government's waiver of sovereign immunity and is therefore jurisdictional. *Gandy v. United States*, 234

F.3d 281, 283 (5th Cir. 2000); *Aloe Vera of Am., Inc.* 580 F.3d at 871; *contra Bancroft Glob. Dev. v. United States*, 330 F. Supp. 3d 82, 101 (D.D.C. 2018). In *Aloe Vera*, the Ninth Circuit reviewed the statute's language and determined that Congress clearly signaled that the statute of limitations is absolute. *Aloe Vera I*, 580 F.3d at 871. That Court viewed Congress's inclusion of the language "Notwithstanding any other provision of law" as a clear signal that the statute of limitations should be interpreted as jurisdictional. *Id*.

"Federal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). A jurisdictional challenge under Federal Rule of Civil Procedure 12(b)(1) can occur "at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). Jurisdictional attacks come in two forms: facial and factual. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam). Here, the United States makes a factual attack on subject matter jurisdiction. In a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. (cleaned up). In a factual attack, the Court can consider matters outside the pleadings, such as the letters in Exhibit 1. *Id*. Clark has the burden to prove that jurisdiction exists, and her allegations receive no presumption of accuracy. *Id*.; *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

As shown above, the statute of limitations to bring a claim under section 7431 expired years ago. Thus, the court lacks jurisdiction to adjudicate the claims Clark asserts in Count II.

### III. Clark has failed to state a claim for which the Court can grant relief.

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Similarly, "naked assertion[s] bereft of "further factual enhancement" do not suffice, either. *Twombly*, 550 U.S. at 555, 557.

The disclosures Clark seeks damages for are alleged in paragraphs 63a – 63g of her complaint. Those allegations do not plausibly state a claim for relief because the statute of limitations began to run no later than 2014 when Clark learned of — and complained to the IRS about — perceived violations of section 6103.  This is proved by the letters Caplin & Drysdale sent on Clark's behalf to the IRS and TIGTA. Ex. 1. The letters describe the same allegations that are recounted in paragraphs 63a – 63g and are themselves the very complaints to the IRS and TIGTA described in paragraph 63h. Having failed to file a suit to redress the violations those letters describe, Clark's claims have lapsed.

We submit that the Court can consider those letters (Exhibit 1) without

converting this motion to one for summary judgment under the incorporation by reference doctrine because the letters discuss facts central to the Clark's claim and are undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *as amended* (Aug. 4, 1999); *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994) (district court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."). Indeed, situations such as this are the very reason for the incorporation doctrine, the policy of which is to prevent a plaintiff from surviving a Rule 12(b)(6) motion by failing to attach the document to a complaint. *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir.1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 681 (9th Cir.2006).

Clark tries to dodge the statute of limitations by making vague allegations that "[u]pon information and belief, the IRS's improper disclosures were not limited to the above-referenced acts and continued throughout the IRS's penalty investigation into Clark's business." ECF 1 ¶ 64. But Clark "must specifically allege who made the alleged disclosures, to whom they were made, the nature of the disclosures, the circumstances surrounding them, and the dates on which they were made." *Bancroft Glob. Dev. v. United States*, 330 F. Supp. 3d at 101 (quoting *May v. United States*, 1992 U.S. Dist. LEXIS 16055, at *6 (W.D. Mo. Apr. 17, 1992) (citing five district court decisions noting the same); *see also Dean v. United States*, 2010 WL 1257792, at *4 (D.N.J. Mar. 29, 2010). This is nothing more than a "naked

assertion" bereft of "further factual enhancement" that the Supreme Court found falls short. *Twombly*, 550 U.S. at 555, 557; *see also Ferrel v. Brown*, 77 F.3d 488 (9th Cir. 1996) ("[v]ague and conclusory statements are insufficient to permit a court to determine whether a violation actionable under 26 U.S.C. § 7431 has occurred"). It does not save the specific claims she asserts in Count II from dismissal, as the record firmly establishes that Clark knew about those disclosures for more than 2 years before she filed suit. *See Aloe Vera II*, 699 F.3d at 1160 (holding that the statute of limitations under section 7431 begins to run independently for each disclosure about which the taxpayer knows or has reason to know). Separately, Clark's inference of other possible violations of section 6103 — without any detail — does not state a claim for relief under section 7431.

## CONCLUSION

In Count II of her complaint, Celia Clark seeks damages, under 26 U.S.C. § 7431, for what she alleges are unauthorized disclosures of her tax return information. Such a suit must be brought within two years of the date that the taxpayer discovers the disclosure. 26 U.S.C. § 7431(d). Clark knew of the disclosures no later than 2014 but waited until 2021 to sue. The statute of limitations has expired and the claims in Count II must be dismissed.

Date: February 23, 2022

        DAVID A. HUBBERT
        Deputy Assistant Attorney General

By: **John P. Nasta, Jr.**
     JOHN P. NASTA, JR.
     Fla. Bar No. 1004432
     Trial Attorney, Tax Division
     U.S. Department of Justice
     717 North Harwood Street, Suite 400
     Dallas, TX 75021
     Telephone:   (202) 307-6560
     Facsimile:   (202) 514-4963
     john.nasta@usdoj.gov

     LAUREN A. DARWIT
     Fla. Special Bar No. A5502814
     Trial Attorney, Tax Division
     U.S. Department of Justice
     P.O. Box 7238
     Washington, D.C. 20044
     Telephone:   (202) 307-5892
     Facsimile:   (202) 514-6770
     Lauren.A.Darwit@usdoj.gov

*Of Counsel:*
     JUAN ANTONIO GONZALEZ
     United States Attorney
     Southern District of Florida

     *Attorneys for the United States of America*