## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CELIA R. CLARK

     *Plaintiff,*

vs.

                              **CASE NO. 9:21-82056-CIV-CANNON/Reinhart**

UNITED STATES OF AMERICA;
THE INTERNAL REVENUE SERVICE,

     *Defendants.*

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Plaintiff, CELIA R. CLARK, serves these interrogatories upon Defendants and requests that Defendants serve their answers, in writing and under oath, to undersigned counsel at 100 SE 3rd Avenue, Suite 805, Fort Lauderdale, Florida 33394, within thirty days of service. Alternatively, arrangements may be made with undersigned counsel to serve responses via email.

## INSTRUCTIONS

1.     These Interrogatories are to be answered to the fullest extent consistent with the parties' obligations under the Federal Rules of Civil Procedure.

2.     If you contend that any information responsive to one of the Interrogatories is privileged, please provide sufficient information for Plaintiff to evaluate the claim of privilege.

3.     The terms used in these interrogatories have their ordinary meaning, unless otherwise indicated within the text of the interrogatory. If the responding party has any questions concerning the meaning or scope of a term used in the interrogatories, counsel should reach out to the undersigned for clarification.

4.      Space has been provided for your answer. If you require additional space, please append additional pages.

## **DEFINITIONS**

1.      "You" refers to the United States, its component agencies, and its employees.

2.      "The Penalties" refers to the penalties the IRS has assessed against Plaintiff Clark under IRC § 6700 for tax years 2008 through 2016, which were assessed on or around September 16, 2019, and which are the subject of the instant refund suit and/or the Government's counterclaim.

3.      "The Complaint" refers to the complaint filed in the instant matter, present at entry 1 of the Court's docket.

5.      "*Avrahami v. Commissioner*" refers to the proceedings in United States Tax Court that led to the published decision of *Avrahami v. Commissioner*, 149 T.C. No. 7 (2017).

## <u>INTERROGATORIES</u>

**<u>Interrogatory 1.</u>**      IRC § 6700(a)(2)(A) authorizes the imposition of a penalty upon "any person who," among other requirements, "makes or furnishes or causes another person to make or furnish . . . a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit . . . which the person knows or has reason to know is false or fraudulent as to any material matter." Identify all such "statements" upon which the Penalties are based. For the purpose of this interrogatory, "identify" means to state (1) the date upon which the statement was made; (2) the parties to the statement; and (3) the content of the statement.

***Response:***

**<u>Interrogatory 2.</u>**       For each of the statements that You identified in response to Interrogatory No. 1, state whether you contend that Plaintiff Clark knew that the statement was false, or that she merely should have known that the statement was false.

***Response:***

**Interrogatory 3**.     For each of the statements that You identified in response to Interrogatory No. 1, identify all the evidence in your possession, custody, or control that you may use to support your claim that Clark either knew or should have known that the statement was false, unless the use would be solely for impeachment. This includes—but is not limited to—identifying any IRS publications, statutes, regulations, case law, or other authority of which you contend that Plaintiff Clark should have been aware.

***Response:***

**<u>Interrogatory 4.</u>**        Did the IRS decide to wait to assess the Penalties against Clark until after the United States Tax Court issued its substantive ruling in *Avrahami v. Commissioner*? Why or why not?

**<u>Interrogatory 5.</u>**      What do You contend is the definition of "insurance" under the

Internal Revenue Code?

***Response:***

**<u>Interrogatory 6.</u>**        Provide the basis for the definition articulated in response to Interrogatory No. 5.

***Response:***

**<u>Interrogatory 7.</u>**    IRC § 6700 authorizes penalties against any person who, among other requirements, organizes or participates in the sale of a "(i) partnership or other entity, (ii) any investment plan or arrangement, or (iii) any plan or arrangement" that is used as an abusive tax shelter. Identify all such partnerships, entities, plans, and/or arrangement upon which the Penalties are based.

***Response:***

**<u>Interrogatory 8.</u>**       IRC § 6700 imposes penalties in connection with the promotion of abusive tax shelters. Please identify that abusive tax shelter promoted by Clark, upon which the IRS bases its § 6700 penalties.

***Response:***

**Interrogatory 9.**     Identify the basis for your denial of Paragraph 26 of the Complaint. This includes identifying the "instructive regulations," "helpful guidance," or position statement that the IRS has promulgated regarding what kinds of captive insurance companies are abusive and which are not.

*Response:*

**Interrogatory 10**.     Identify all instances in which the IRS has stated that it lacks sufficient information to promulgate regulations or guidance concerning when a captive insurance arrangement constitutes an abusive tax shelter.

***Response:***

**<u>Interrogatory 11</u>**.        Identify the basis for your denial of Paragraph 29 of the Complaint. This includes identifying the guidance that the IRS had issued on the tax treatment of transactions involving microcaptive insurance companies.

***Response:***

**Interrogatory 12**.    Identify the basis for your denial of the second sentence of Paragraph 38 of the Complaint, that *Avrahami v. United States*, 149 T.C. 144 (2017) was the first decision by any court to address the tax treatment of transactions with microcaptive insurance companies.

***Response:***

**<u>Interrogatory 13</u>**.      Identify the basis for your denial of the allegation in Paragraph 40 of the Complaint that "the [*Avrahami*] Tax Court declined to find fraud," and that the Tax Court observed that "this is a case of first impression—we have discovered no other case addressing microcaptives" and that "there [was] no clear authority to guide taxpayers."

***Response:***

**Interrogatory 14.**    Identify all communications that the IRS and/or its agents, employees, or representatives have had with attorney Jay Adkisson concerning Celia Clark or Celia Clark's law practice. For the purpose of this interrogatory, "Identify" means to state (1) the date of the communication; (2) the parties to the communication; (3) the subject matter of the communication; and (4) whether You believe the communication involved the disclosure of return information protected under IRC § 6103.

*Response:*

**Interrogatory 15**.      Identify all communications that the IRS has made to persons other than (1) Clark; (2) Clark's representatives; and/or (3) IRS employees, agents, or representatives, about Your investigation into Clark's liability for IRC § 6700 penalties. For the purpose of this interrogatory, "Identify" means to state (1) the date of the communication; (2) the parties to the communication; (3) the subject matter of the communication; and (4) whether You believe the communication involved the disclosure of return information protected under IRC § 6103.

*Response:*

**<u>Interrogatory 16.</u>**    Identify all communications between or among IRS agents, employees, or representatives that discuss any effort to disclose Clark's return information to persons other than the IRS or Celia Clark (or their respective employees, agents, or representatives). For the purposes of this interrogatory, "identify" means to state (1) the date of the communication; (2) the parties to the communication; and (3) the subject matter of the communication.

***Response:***

**<u>Interrogatory 17:</u>** Why did the IRS's penalty investigation into Clark take nine years to complete?

***Response:***

**<u>Interrogatory 18.</u>**   If knowledge, information, or a document responsive to the preceding interrogatories is in the possession of any employee or agent of the United States Government, but you contend that this knowledge information, or document is not reasonably available such that production is not required by the Federal Rules of Civil Procedure, please identify by name and appropriate contact information the individuals in actual possession of this information, knowledge, or document.

*Response:*

**Interrogatory 19.**     Please identify by name and title all individuals who provided information included in Your response to these interrogatories.

Dated:  May 20, 2022

Respectfully Submitted,

MARCUS NEIMAN RASHBAUM
& PINEIRO LLP

/s/ Derick Vollrath
**Jeffrey A. Neiman**
Fla. Bar No. 544469
jneiman@mnrlawfirm.com

**Derick Vollrath**
Fla. Bar No. 126740
dvollrath@mnrlawfirm.com

100 Southeast Third Avenue, Suite 805
Ft. Lauderdale, Florida 33394
Telephone: (954) 462-1200

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on May 20, 2022, I served this document upon counsel for Defendants via email to the addresses below:

Lauren A. Darwitt
lauren.a.darwit@usdoj.gov

John P. Nasta
john.nasta@usdoj.gov

/s/ Derick Vollrath