**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 9:21-cv-82056-CIV-CANNON

CELIA R. CLARK,

      Plaintiff,

  v.

UNITED STATES OF AMERICA; THE
INTERNAL REVENUE SERVICE,

      Defendants.

**UNITED STATES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, the United States responds plaintiff Celia R. Clark's First Request for Production of Documents (Nos. 1-4) as follows:

[**Plaintiff's introductory paragraphs.**] Plaintiff, CELIA R. CLARK, serves this Request for Production of Documents upon Defendants pursuant to Federal Rules of Civil Procedure 26 and 34. Plaintiff Clark respectfully requests Defendants to respond to the following Request for Production and to serve the responsive documents on counsel for Plaintiff within 30 days.

These Requests are intended to seek documents within your "possession, custody, or control." Rule 34(a)(1). "Control," under Rule 34, "is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *see also, e.g.*, *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D.

468, 471 (S.D. Fla. 2011). Plaintiff Clark requests that you search for responsive documents in the possession of your agents.

If a responsive document is available in electronic format, please produce it in its native electronic format and readily useable format such as .pdf or .tiff.

**OBJECTION:** The United States objects to the extent that these introductory paragraphs include an instruction that the United States should search for documents within the possession, custody, or control of any of its "agents." Requests that ask counsel to search the records of any and all "agents" of the United States—which may encompass every agency or individual employed by the federal government—are necessarily overbroad, unduly burdensome, and disproportional to the needs of this case. *See U.S. v. $11,071,188.64 in U.S. Currency*, 2014 WL 8735117, at *4 (E.D. Mo. 2014) (sustaining an objection to a discovery request seeking documents from the entire "United States" as overbroad on its face, facially vague, and unduly burdensome). The claims and defenses in this case relate solely to Celia R. Clark's liability for civil penalties assessed by the Internal Revenue Service and (at least at present) Clark's allegations that the IRS improperly disclosed her return information to certain third parties.[1]

Accordingly, for purposes of responding to these Requests for Production, the United States construes the below Requests as seeking documents within the possession, custody, or control of the United States Department of Justice, Tax Division, Civil Trial Section and the Internal Revenue Service.

## REQUESTS FOR PRODUCTION

**Request for Production 1.** Please produce all documents identified in the Government's Initial Disclosures, served May 13, 2022.

---

[1]   As you are aware, Clark's wrongful disclosure claim is the subject of the United States' pending partial motion to dismiss.

**RESPONSE:** The United States will produce these documents as they are kept in the usual course. By way of explanation, the documents described in the United States' initial disclosures were identified within documents produced to the Internal Revenue Service during Celia R. Clark's penalty examination, copies of which were provided to United States' counsel after Clark filed this suit. These include documents that the IRS received from (1) Clark herself and (2) from Allen Rosenbach in response to administrative document requests issued during the examination. Both sets of documents are being produced via the Justice Enterprise File Sharing (JEFS) platform, an online file sharing service for the U.S. Department of Justice; they bear the numbers CLARK_IRS0000001 through CLARK_IRS0395084 and ACR_IRS0000001 through ACR_IRS0252968, respectively.

As stated in the United States' initial disclosures, the categories of documents within this production that the United States may use to support it claims or defenses include the types of documents identified in **Table 1.0**.

| **TABLE 1.0** ||
|---|---|
| *Description* | *Example Beginning Doc IDs* |
| Clark's statements and statements that Clark caused others to make regarding her captive insurance programs, including statements made in | |
|     *marketing materials* | CLARK_IRS0056095 (*e.g.*, CLARK_IRS0056770) |
|     *client retainer agreements* | CLARK_IRS0204659 |
|     *client memoranda* | CLARK_IRS0213751 |
|     *emails* | CLARK_IRS0190069 |

| | |
|---|---|
| Documents reflecting how premium prices were determined for insurance policies as part of the programs, including | |
| *premium pricing memoranda* | CLARK_IRS0064309 |
| *emails* | CLARK_IRS0091278 |
| Transaction documents for the programs, including: | |
| *insurance application documents and insurance policies* | CLARK_IRS0192663 |
| *captive insurance company formation documents* | CLARK_IRS0205803 |
| *captive business plans* | CLARK_IRS0087337 |
| Tax return information or tax returns, including for the captives and the insureds who participated in the programs | CLARK_IRS0042253 |

The United States has not yet completed its review of the documents being produced in response to Request for Production 1 and has not yet identified every document that may fall within one of the categories listed above. The Document ID numbers listed in the table above are examples of responsive documents that United States' counsel has located thus far and do not necessarily reflect every document that may meet the descriptions given in the initial disclosures. Moreover, the United States may identify additional documents or categories of documents that support its claims or defenses as it completes its review of the materials now being produced, and it may ultimately rely on any of them.

Of course, the United States also anticipates obtaining additional relevant documents through discovery in this case. Consistent with the Federal and Local Rules, the United States may update its Rule 26(a)(1) disclosures as discovery proceeds and intends to produce any additional documents that it may use to supports its claims or defenses in a timely manner.

4

**Request for Production 2:** Please produce all documents identified in Your response to Plaintiff Clark's First Set of Interrogatories.

**RESPONSE:** Documents identified in the United States' response to Interrogatory 1 can be located in the production being made in response to Request for Production 1 above.

**Request for Production 3:** Please produce all documents You relied upon in answering Plaintiff's First Set of Interrogatories.

**RESPONSE:**  All documents on which the United States relied in answering Clark's First Set of Interrogatories are being produced as part of the production identified in response to Request for Production 1. Specifically, these documents can be located in the production marked CLARK_IRS0000001 through CLARK_IRS0395084 and ACR_IRS0000001 through ACR_IRS0252968 and include the categories of documents described in the United States' initial disclosures (examples of which are given in Table 1.0 above).

**Request for Production 4:** Please produce all documents reflecting the IRS's decision not to impose penalties on Celia Clark for the first several years of its investigation and instead to impose penalties only after the Tax Court's decision in *Avrahami v. Commissioner*, 149 T.C. No. 7 (2017). This includes documents reflecting the reasoning behind this decision.

**OBJECTION:** The United States objects to Request for Production 4 to the extent it seeks documents reflecting pre-decisional and deliberative communications or analysis by IRS employees, which are protected by the deliberative process privilege, *see Dep't of Interior & Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001), or by the attorney-client privilege.

The United States further objects to this request as seeking documents that are not relevant to any claim or defense in this action because the IRS's decision-making process regarding when to assess penalties against Clark has no bearing on this litigation. The issue to be resolved in Clark's refund claim and the government's counterclaim—Clark's liability for promoter penalties under 26 U.S.C. § 6700—is subject to *de novo* review, *not* a review of the IRS's administrative determination. *See Lemay v. Comm'r of Internal Revenue*, 119 T.C.M. (CCH) 1389, 2021 WL 3930279, at *17 (T.C. 2020) (explaining that where the taxpayer's liability under 26 U.S.C. § 6700 for promoting an abusive tax shelter is at issue, the IRS's determination to assess such penalties is reviewed *de novo*); *Katz v. United States*, 1992 WL 103006, at *1 (E.D. Pa. 1992) (barring taxpayer from introducing "[a]ny evidence regarding the IRS' administrative actions respecting the tax assessment levied against plaintiff," because "[i]t is not for this court to look behind an assessment to evaluate the procedure and evidence used in making the assessment"); *LPCiminelli Ints., Inc. v. United States*, 2012 WL 5499444, at *4 (W.D.N.Y. Nov. 13, 2012) ("'The factual and legal analysis employed by the Commissioner is of no consequence to the district court [in a tax refund suit].'") (quoting *R.E. Dietz Corp. v. United States*, 939 F.2d 1, 4 (2d Cir. 1991)).

As such, the IRS's internal (*i.e.*, non-public) decision-making process regarding whether or when to assess penalties against Clark has nothing to do with whether Clark in fact violated 26 U.S.C. § 6700 by: organizing, promoting, or selling a plan or arrangement; and making or furnishing statements about the tax benefits of participating in the plan or arrangement, which Clark knew or had reason to know were materially false or fraudulent. *See U.S. ex rel. Stephens v. Prabhu*, 163 F.R.D. 340, 343 (D. Nev. 1995) (rejecting False Claims Act defendant's demand for discovery into government operations that was unknown to them at the time of the fraud

6

because they "are seeking the records to create a knowledge defense that is three years too late"); *SEC v. Bankatlantic Bancorp, Inc.*, 285 F.R.D. 661, 668 (S.D. Fla. 2012) (documents in SEC's files "cannot provide probative information" about the securities fraud defendants' intent). IRS employees were not involved in the planning, execution, or reporting of any of the relevant transactions in this case and only began the investigation into Clark's conduct years after she devised and began promoting her captive insurance programs.

Based on the above-stated relevance objections, the United States has not conducted a search for documents that might be responsive to Request for Production 4. Any search would be unduly burdensome and disproportional to the needs of this case given that irrelevant documents are outside the scope of permissible discovery. *See* Fed. R. Civ. P. 26(b)(1). Likewise, the United States has not attempted, to date, to identify and log any potentially responsive documents that would be subject to claims of privilege. *See United States v. Philip Morris, Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003) ("[I]f a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections.").

|  |  |
|---|---|
| Dated: July 8, 2022 | Respectfully submitted, |
|  | DAVID A. HUBBERT<br>Deputy Assistant Attorney General |
|  | **Lauren A. Darwit**<br>LAUREN A. DARWIT<br>Fla. Special Bar No. A5502814<br>Lauren.A.Darwit@usdoj.gov<br>JOHN P. NASTA, JR.<br>Fla. Bar No. 1004432<br>John.Nasta@usdoj.gov<br>Virginia Giannini<br>Fla. Special Bar No. A5502881<br>Virginia.Giannini2@usdoj.gov<br>Trial Attorneys, Tax Division |

        U.S. Department of Justice  
        P.O. Box 7238  
        Washington, D.C. 20044  
        Telephone:    (202) 307-5892  
        Facsimile:    (202) 514-6770  

*Of Counsel:*  
        JUAN ANTONIO GONZALEZ  
        United States Attorney  
        Southern District of Florida  

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

   I hereby certify that on July 8, 2022 I served the foregoing UNITED STATES' OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS by email upon the following:

Jeffrey Neiman
jneiman@mnrlawfirm.com
Derick Vollrath
dvollrath@mnrlawfirm.com
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
100 SE Third Ave., Suite 805
Fort Lauderdale, Florida 33394
Telephone: (954) 462-1200
Facsimile: (866) 780-8355
*Counsel for Plaintiff Celia Clark*

                /s/ Lauren A. Darwit
                LAUREN A. DARWIT
                Trial Attorney, Tax Division
                United States Department of Justice