UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-82056-Cannon/Reinhart

CELIA R. CLARK,

        Plaintiff,

v.

UNITED STATES OF AMERICA, ET AL.,

        Defendants.
_____/

## ORDER FOLLOWING *IN CAMERA* REVIEW OF WITHHELD DOCUMENTS

On October 26, 2022, I held a hearing regarding a dispute over Plaintiff's withholding of documents responsive to Defendants' discovery demands based on an assertion of attorney-client privilege. Plaintiff, an attorney who offered tax advice to her clients, contends that, "While the subject matter of [her] advice may have concerned tax-related matters as it pertained to her client's captive insurance companies, that does not mean that it was not legal advice." ECF No. 50 at 6. Furthermore, Plaintiff denies that sharing her client communications with actuaries, accountants, and financial advisors defeats the privilege. *Id.* at 7. Without citing to any binding legal authority or providing an affidavit, Plaintiff's memorandum contends that she "consulted these professionals in connection with obtaining legal advice for her clients" and therefore, "[t]his certainly falls under the purview of legal advice [that is] privileged under the law." *Id.*

Given the volume of withheld documents, I ordered Plaintiff to prepare a privilege log for communications exchanged with five clients of Defendants' choosing.

ECF No. 52. On November 28, 2022, Plaintiff served a privilege log for this representative sampling with 1,837 entries. Thereafter, the parties each selected 20 disputed documents (40 total) within the representative sampling for the Court's *in camera* review. ECF No. 72. "The parties agree that these 40 documents are representative of the nature and scope of the communications between Clark and her customers, her customers' agents, and her own agents." ECF No. 74 at 2.

I held another discovery hearing on January 20, 2023, regarding the 40 documents submitted for *in camera* review and the parties' dispute over the Court's treatment of "dual purpose" documents, namely, communications seeking both legal and non-legal advice. The parties disagree over whether the privilege protects only communications where legal advice was "the primary purpose" (Defendants' position, *see* ECF No. 74 at 3-4), or whether it can also protect communications where legal advice was "a significant purpose" among others (Plaintiff's position, *see* ECF No. 74 at 10).

At the hearing, Defendants also claimed that Plaintiff's "blanket assertion of attorney-client privilege *on behalf of all of her customers*" was improper because she had "actual notice that a significant portion of her customers either never believed their communications to be privileged in the first place, or affirmatively waived privilege." ECF No. 74 at 5. In light of this new issue, I ordered Plaintiff to ascertain her clients' position on the waiver issue and allowed further briefing. The parties submitted their supplemental filings (ECF Nos. 77, 78) and the matter is now ripe for decision.

## LEGAL STANDARDS

"'[T]he person invoking the attorney-client privilege has the burden of establishing (1) the existence of an attorney-client relationship and (2) the confidential nature of the information sought . . . The privilege only protects communications between an attorney and his client made for the purpose of securing legal advice.' It doesn't protect business advice." *United States v. Moore, Ingram, Johnson & Steele, LLP*, No. 21-10341, 2022 WL 3134374, at *3 (11th Cir. Aug. 5, 2022) (quoting *In re Grand Jury Subpoena*, 831 F.2d 225, 227 (11th Cir. 1987).

It is well settled that the privilege can only be applied using a "document by document approach." *Id.* "[T]he attorney-client privilege may not be tossed as a blanket over an undifferentiated group of documents. The privilege must be specifically asserted with respect to particular documents." *Id.* (quoting *United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982).

## DISCUSSION

As an initial matter, I note that the Eleventh Circuit has not adopted either "the primary purpose" or "significant purpose" test in assessing the applicability of the attorney-client privilege to dual purpose documents. Regardless, in the context of this case, I find that for the most part, Plaintiff has failed to meet her burden under either test. Most of the withheld communications do not involve legal advice at all, and for others, even if the communications could conceivably fall within that realm under a very broad definition, any privilege was destroyed when the communications were shared with non-lawyer third parties. Plaintiff has not provided any evidence, such as a sworn statement, specifically identifying the legal advice she claims to have

bestowed upon her clients in each allegedly privileged communication, nor has she established that the non-lawyer professionals included in her client communications were "reasonably necessary" for her to give legal advice to her clients. *See Diamond Resorts U.S. Collection Dev., LLC v. US Consumer Att'ys, P.A.*, 519 F. Supp. 3d 1184, 1199-1200 (S.D. Fla. 2021) (party invoking privilege has burden of proving the agency exception applies, which requires the third party's services to be "reasonably necessary for the effective representation of the client") (citations omitted). Without this evidence, Plaintiff has failed to satisfy her burden and I find that the inclusion of these third parties destroyed the confidentiality of the communications, and hence, the application of any privilege.

Even assuming that Plaintiff could satisfy the criteria of the attorney-client privilege, Plaintiff has acknowledged that she cannot assert a privilege over documents that her clients produced to Defendants without any assertion of privilege. In her supplemental filing, Plaintiff concedes, "To the extent that [her] clients have independently and voluntarily produced copies of these emails to the Government without objection in response to the subpoenas, it appears appropriate to find a waiver of any privilege in those produced emails." ECF No. 78 at 4. Accordingly, those documents are not subject to the protections of the attorney-client privilege.[1]

Finally, Plaintiff's attempt to make her clients' assertion of privilege the default position without them so instructing her is improper because it turns the law

---

[1] Plaintiff states that a court order "would permit [her] to produce these documents" (ECF No. 78 at 4), but such an order is unnecessary given that Defendants are already in possession of these documents.

on its head. *See* Plaintiff's counsel's letter to her clients (ECF No. 78-1) ("If we do not receive your response . . . we will assume that you do not wish to waive [the] privilege"). It is well settled that the attorney-client privilege "belongs solely to the client" (*Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1417 (11th Cir. 1994) (citation omitted), and therefore, the client must affirmatively assert the attorney-client privilege over specific communications for the protection to apply. "[T]he attorney-client privilege, like all discovery objections and privileges, must be affirmatively asserted." *Kleiman v. Wright*, No. 18-80176-CV, 2020 WL 1139067, at *5 (S.D. Fla. Mar. 9, 2020) (J. Reinhart), aff'd 2020 WL 1849407 (S.D. Fla. April 13, 2020) (J. Bloom). Thus, Plaintiff cannot assert the privilege over a multitude of communications on her clients' behalf without her clients' explicit approval.[2]

In ruling on whether the attorney-client privilege applies to the documents submitted to me, I will identify each document by the last four digits of the bates-stamped number assigned. The documents that I find are not privileged because they do not seek or give legal advice, were shared with third-parties, or were not intended to remain confidential are 0005, 0061, 0118, 0222, 0858, 4285, 0060, 0113, 1247, 1288, 1366, 1571, 1643, 2352, 2904, 4109, 0123, 1915, 1180, 2333, 1149, 0785, 0869, 1214, 1412, 2101, 5761, 0208, 0237, 2262, 4841, 0014, 0625, 5803, and 5961.

---

[2] I also decline to reach the parties' arguments regarding implied waiver since at this stage, I am only ruling on the 40 documents submitted for my *in camera* review, most of which are not privileged.

The documents for which I find the attorney-client privilege applies and are properly withheld, assuming the client has not waived the privilege by providing the documents to Defendants, are 0232, 5599, 2231, 4640, 0018, and 0001.

**DONE AND ORDERED** in Chambers this 5th day of April, 2023, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE