**From:** Jerome Jonckheere <Jerry.Jonckheere@plantemoran.com>
**Sent:** Friday, July 05, 2013 4:02 PM EDT
**To:** Celia Clark <CClark@clarkandgentry.com>
**CC:** Mike Monaghan <Mike.Monaghan@plantemoran.com>
**Subject:** Imperial Crane - Captive Insurance Companies

Celia,

This is ***not*** what I am saying.  We *****will***** claim a full deduction for the premium paid in 2012.

The tax returns will all reflect the positions that you are expecting, i.e. IRC § 831(b) election on the Captive and full deductibility of premiums on the taxpayer's returns (both Captive and operating companies).

Where we differ is the level of disclosures that must be made on the tax return and on the client's financial statements.

- We do not dispute that there is a 'reasonable basis' to claim the deductions on the taxpayers' returns.
- We do not dispute that the is 'substantial authority' to claim the deductions on the taxpayers' returns and to avoid disclosure on Form 8275 (Disclosure Statement)
- We do feel that the "more likely than not" standard is *****not***** reached in the current structure for the taxpayers.

The "more likely than not" standard is defined in FIN 48 and it is as the name implies, i.e. that the issue (the 'unit of account', i.e. the deductibility of the premium) will be reviewed by 'knowledgeable tax authorities' and 'resolved solely on their technical merits.'  Only 'relevant tax law is to be considered' unless a 'widely understood administrative practice allows the position.'  The standard is also adopted for disclosures on Schedule UTP.

Where we have trouble reaching the 'more-likely-than-not' standard is due to the application of the 30% standard for unrelated risks.  There are PLRs and Revenue Rulings that approve the risk pooling and the 50% standard.  While the 30% standard adopted in Harper could be argued, the facts in Harper are significantly different than the current structure (i.e. actual third parties rather than risk pools, one type of insurance rather than multiple lines, continuation of previously purchased insurance and comparable to unrelated policies concurrently sold by Harper, IRC § 831(b) election not made in Harper, third party and related party losses were significant and were paid).

In the final analysis we are left with a structure that is not consistent with IRS guidance in revenue rulings or recent private letter rulings and contains significant differences from judicial guidance in Harper where the 30% standard is used.  Again, <u>this analysis is for the determination of disclosures only – for Schedule UTP on the operating companies (with assets greater than $50 million) Forms 1120 and for the taxpayer's 2013 financial statements.</u>

I am available most of next week for a conference call between us, or between us and the client.  Dave is aware of this issue and that we are communicating and have resolved the actuarial report issue favorably.

# Jerry

**Jerry Jonckheere | Partner | International Tax Services | National Tax Office**
Plante & Moran, PLLC, 634 Front Ave NW, Grand Rapids, MI  49504-5310
Direct Dial: 616.643.4044 | Mobile: 616.648.2700 | Fax: 248.233-8974
Plante & Moran | Twitter | Facebook | LinkedIn

ジョンキア・ジェリー、米国公認会計士・税務修士
税務担当パートナー

**Celebrating 15 Years as one of FORTUNE Magazine's "100 Best Companies to Work For"**

Absence of Federal Tax Penalty Protection

The Internal Revenue Service recently issued regulations that require written advice regarding tax matters to meet very detailed and comprehensive requirements before it can be relied upon by a taxpayer to avoid  penalties that might apply if the tax benefits or results discussed in the document are disallowed.  Compliance with these rigorous standards and requirements exceeds the scope of this engagement.  Consequently, the analysis and advice contained in this document regarding federal tax matters is not intended to be used, and may not be relied upon by you, for the purpose of avoiding any federal tax penalty.

---

**From:** Celia Clark [mailto:CClark@clarkandgentry.com]
**Sent:** Thursday, July 04, 2013 4:01 PM
**To:** Jerome Jonckheere
**Subject:** RE: Imperial Crane - Captive Insurance Companies

I just looked at this again.  Are you saying (at the end) that the 2012 return will not claim a full deduction for the premium paid in 2012, despite the regulations under Sec. 263(a)?  If so this must be discussed with the client immediately.
Celia

Celia R. Clark, Esq.
Clark & Gentry, P.L.L.C.

570 Lexington Avenue,
Suite 2401
New York, NY 10022-6880
(212) 370-4220

CLARKSDFL1448278

(212) 370-4270 (fax)
cclark@clarkandgentry.com

The information in this email is confidential and may be legally privileged.  It is intended solely for the addressee.  Access to this email, or the copying or forwarding of it, by anyone else is unauthorized.  If you are not the intended recipient, please delete the message and any attachments.

To ensure compliance with requirements imposed by the IRS, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code.

---

**From:** Jerome Jonckheere [mailto:Jerry.Jonckheere@plantemoran.com]
**Sent:** Tuesday, July 02, 2013 7:30 PM
**To:** Celia Clark
**Cc:** Anjali Bhat; Mike Monaghan
**Subject:** Imperial Crane - Captive Insurance Companies

Celia,

Thank you for the attached memo and pages from the IRS Audit Guide.  While the memo and the IRS Audit Guide are helpful, they do not enough evidence to allow us to reach a ***more-likely-than-not*** ("MLTN") confidence level necessary to avoid FIN 48 disclosures on audited GAAP financial statements and disclosures required on Schedule UTP (Uncertain Tax Position Statement).

While Plante & Moran will file tax returns for the operating company and the captive insurance companies deducting the insurance premiums on the operating company and reflecting the 831(b) election on the captive insurance companies we will have to disclose the possible lack of adequate risk distribution and risk shifting as (1) the current structure does not comply with IRS stated safe harbors like Rev Rul 2002-89 and recent PLRs and (2) the facts differ significantly from the facts in Harper v CIR.  As such, we cannot find additional guidance that would allow us to document a MLTN confidence in the structure.  We believe the disclosure is required for Plante & Moran to sign the tax returns.

Your memo discusses (1) the 30% standard found in Harper v CIR; (2) an argument that ownership by a Family Trust would make ***all*** the premiums unrelated; and (3) that various Revenue Rulings provide a high level of comfort in the structure.  Would you consider expanding the memorandum as a covered opinion with a MLTN level of assurance as it is currently written solely as an internal memorandum?  While we would have to review and concur with the substance of the covered opinion, a covered memorandum from a law firm would provide *de facto* confidence in the structure.  We have other clients that have received covered opinion letters for various components of a captive structure.  The most common opinion letter covers the structure and operation of the risk pools and adherence to IRS guidance (including the 50% safe harbor).

We are in process of preparing the tax returns for the Imperial Crane operating entities and the 2012 tax returns for the captive insurance companies.  At this point we are planning on a disclosure on Schedule UTP.  In 2013, a FIN 48 adjustment will likely be necessary with the effect that the tax benefits of the insurance premiums will be disallowed to the extent there are uncovered losses in the captive insurance companies.  (In 2012, there was no FIN 48 adjustment as it was immaterial - it would have been limited to the accrual of a few days of premium in 2012).

I believe that our next step is to (1) receive word that you will prepare a covered opinion that supports a MLTN standard or (2) schedule a conference call to determine if we are missing relevant information that would help us conclude that the structure meets the MLTN standard.

Let us know if you are available for a conference call during the week of July 15th.  My schedule is open on Tuesday, Wednesday, and Thursday of that week.  Dave is anxious for a resolution to this matter by the end of the month.

### Jerry
**Jerry Jonckheere | Partner | International Tax Services | National Tax Office**
Plante & Moran, PLLC, 634 Front Ave NW, Grand Rapids, MI  49504-5310
Direct Dial: 616.643.4044 | Mobile: 616.648.2700 | Fax: 248.233-8974
Plante & Moran | Twitter | Facebook | LinkedIn

ジョンキア・ジェリー、米国公認会計士・税務修士
税務担当パートナー

**Celebrating 15 Years as one of FORTUNE Magazine's "100 Best Companies to Work For"**

Absence of Federal Tax Penalty Protection

The Internal Revenue Service recently issued regulations that require written advice regarding tax matters to meet very detailed and comprehensive requirements before it can be relied upon by a taxpayer to avoid  penalties that might apply if the tax benefits or results discussed in the document are disallowed.  Compliance with these rigorous standards and requirements exceeds the scope of this engagement.  Consequently, the analysis and advice contained in this document regarding federal tax matters is not intended to be used, and may not be relied upon by you, for the purpose of avoiding any federal tax penalty.

---

**From:** Celia Clark [mailto:CClark@clarkandgentry.com]
**Sent:** Tuesday, June 11, 2013 1:39 PM
**To:** Jerome Jonckheere
**Cc:** Anjali Bhat; Mike Monaghan
**Subject:** RE: Imperial Crane - Captive Insurance Companies

CLARKSDFL1448279

Jerry:  It came to me yesterday that I could send you a copy of this memo analyzing some of the risk distribution authorities.  It is old now but I think still useful.
You should also see the most recent version of the IRS Audit Technique Guide applicable to captives.  See particularly page 6-8 regarding payment of outside third party premiums.
Note that Chapter 6 in the attached excerpt does not relate only to foreign captives with excise tax issues, despite the title.
Let me know if there are outstanding issues.
Celia

Celia R. Clark, Esq.
Clark & Gentry, P.L.L.C.

570 Lexington Avenue,
Suite 2401
New York, NY 10022-6880
(212) 370-4220
(212) 370-4270 (fax)
cclark@clarkandgentry.com

The information in this email is confidential and may be legally privileged. It is intended solely for the addressee. Access to this email, or the copying or forwarding of it, by anyone else is unauthorized. If you are not the intended recipient, please delete the message and any attachments.

To ensure compliance with requirements imposed by the IRS, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code.

**From:** Jerome Jonckheere [mailto:Jerry.Jonckheere@plantemoran.com]
**Sent:** Monday, June 03, 2013 8:39 AM
**To:** Celia Clark
**Cc:** Anjali Bhat; Mike Monaghan
**Subject:** Imperial Crane - Captive Insurance Companies

Celia,

First, thank you for the revisions in the language of the actuarial reports.  These changes allow us to rely on the underlying actuarial reports.  Per discussions with our National Tax Office we would like to discuss the actuarial reports with the actuary to understand (1) the mechanics of the rate determinations and (2) the basis for the underlying assumptions for the premium calculations.  We would summarize the discussions for our workpapers to demonstrate that we have an understanding of the mechanics and the underlying assumptions or assumption development process.  Let us know if you can facilitate a conference call between Plante Moran and the actuary.

Second, we continue to struggle to get to a More-Likely-Than-Not confidence level for tax purposes.  As you are likely aware, getting to a MLTN level of confidence is necessary to avoid FIN48 related computations and Schedule UTP disclosures on Imperial's tax returns.  Under the terms of your engagement letters we will prepare the tax returns but you have taken responsibility for defending any audit attacks on the Captives and, presumably, the deductibility of the insurance premiums to the operating companies.

Our primary stumbling block in reaching a MLTN standard is the risk pool and the use of a 30% standard (rather than the IRS safe harbor of 50%).  The IRS issued a private letter ruling in 2012 (PLR 201219011 / PLR-138615-11) that covers a reinsurance quota share arrangement like the one used here.  The 30% standard is a judicial standard that covers the direct insurance of third parties – rather than a reinsurance pool.  We believe this difference is significant and is a block to a MLTN determination.

I recommend that we have a conference call later this month to discuss the actuarial report assumptions and the basis for MLTN determination of the Captives.

Jerry
**Jerry Jonckheere | Partner | International Tax Services | National Tax Office**
Plante & Moran, PLLC, 634 Front Ave NW, Grand Rapids, MI  49504-5310
Direct Dial: 616.643.4044 | Mobile: 616.648.2700 | Fax: 248.233.8974
Plante & Moran | Twitter | Facebook | LinkedIn

CLARKSDFL1448280

 www.praxity-conferences.com

ジョンキア・ジェリー、米国公認会計士・税務修士
税務担当パートナー

**Celebrating 15 Years as one of FORTUNE Magazine's "100 Best Companies to Work For"**

Absence of Federal Tax Penalty Protection

The Internal Revenue Service recently issued regulations that require written advice regarding tax matters to meet very detailed and comprehensive requirements before it can be relied upon by a taxpayer to avoid penalties that might apply if the tax benefits or results discussed in the document are disallowed. Compliance with these rigorous standards and requirements exceeds the scope of this engagement. Consequently, the analysis and advice contained in this document regarding federal tax matters is not intended to be used, and may not be relied upon by you, for the purpose of avoiding any federal tax penalty.

-----Original Message-----
From: Celia Clark [mailto:CClark@clarkandgentry.com]
Sent: Friday, April 12, 2013 10:31 AM
To: Jerome Jonckheere
Cc: Anjali Bhat
Subject: RE: IC, BC and LBJ insurance cos

Jerry: Checking in. I spoke to Dave Dobson yesterday. He was not sure if there are additional issues you want us to address.
Celia

Celia R. Clark, Esq.
Clark & Gentry, P.L.L.C.

570 Lexington Avenue,
Suite 2401
New York, NY 10022-6880
(212) 370-4220
(212) 370-4270 (fax)
cclark@clarkandgentry.com

The information in this email is confidential and may be legally privileged. It is intended solely for the addressee. Access to this email, or the copying or forwarding of it, by anyone else is unauthorized. If you are not the intended recipient, please delete the message and any attachments.

To ensure compliance with requirements imposed by the IRS, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code.

-----Original Message-----
From: Celia Clark
Sent: Saturday, April 06, 2013 10:31 AM
To: Jerry Jonckheere
Cc: Anjali Bhat
Subject: IC, BC and LBJ insurance cos

Jerry: Here are the revised actuarial reports for the Imperial Crane companies.
Celia

Celia R. Clark, Esq.
Clark & Gentry, P.L.L.C.
570 Lexington Avenue,
Suite 2401
New York, NY 10022-6880
(212) 370-4220
(212) 370-4270 (fax)
cclark@clarkandgentry.com

CLARKSDFL1448281

The information in this email is confidential and may be legally privileged.  It is intended solely for the addressee.  Access to this email, or the copying or forwarding of it, by anyone else is unauthorized.  If you are not the intended recipient, please delete the message and any attachments.

To ensure compliance with requirements imposed by the IRS, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code.

>
>
>

This email, including any attachments, may contain confidential information and is intended solely for use by the individual to whom it is addressed. If you received this email in error, please notify the sender, do not disclose its contents to others, and delete it from your system. Any other use of this email and/or attachments is prohibited. This message is not meant to constitute an electronic signature or intent to contract electronically.

CLARKSDFL1448282